UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>    Defendants. | CASE No. 1:16-cv-0068-DAD-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 19, 2016, Plaintiff's complaint was screened and found to state cognizable claims against three Defendants. (ECF No. 14.) He was granted thirty days to file a notice of his willingness to proceed on the complaint as screened or to file an amended complaint. That thirty-day period has now passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, neither weighs for nor against dismissal since no Defendant has yet to appear in this action. The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory

lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT within fourteen days from the date of service of this order:

1. Plaintiff shall show cause why this action should not be dismissed for failure to comply with a court order;
2. Alternatively, Plaintiff shall:
    a. File an amended complaint curing the deficiencies identified by the Court in the December 19, 2016, Screening Order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claims found to be cognizable in this order; and
3. If Plaintiff fails to respond to this order, the undersigned will recommend dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   February 3, 2017            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE